**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GULSTAN E. SILVA, Jr., as Personal Representative of the Estate of Sheldon Paul Haleck; JESSICA Y. HALECK, Individually, and as Guardian Ad Litem of Jeremiah M. V. Haleck; WILLIAM E. HALECK; VERDELL B. HALECK, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CITY AND COUNTY OF HONOLULU; CHRISTOPHER CHUNG; SAMANTHA CRITCHLOW; STEPHEN KARDASH, <br><br> Defendants-Appellees. | No. 20-15381 <br><br> D.C. No. 1:15-cv-00436-HG-KJM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Argued and Submitted February 1, 2021
Honolulu, Hawaii

Before: CLIFTON, R. NELSON, and COLLINS, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiff-Appellant Gulstan E. Silva, Jr., as Personal Representative of the Estate of Sheldon Paul Haleck ("Estate"), brought claims against police officers Christopher Chung, Samantha Critchlow, and Stephen Kardash ("Officers") and the City and County of Honolulu ("City") (together, the "Defendants") based upon an incident after which Mr. Haleck died. Some of the claims were resolved by the District Court in favor of Defendants by motions. A claim for excessive force in violation of the Fourth Amendment went to trial, and the jury returned a verdict in favor of the Officers. The Estate appeals. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. The "jury's verdict must be upheld if it is supported by substantial evidence . . . even if it is also possible to draw a contrary conclusion." *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002). The Estate argues that it is entitled to judgment as a matter of law despite the verdict to the contrary. It cites no authority supporting that result in circumstances like these, and we know of none. Nonetheless, it argues that the District Court was required as a matter of law to enter judgment in its favor on the Fourth Amendment claim under the objective reasonableness test discussed by the Supreme Court in *Graham v. Connor*, 490 U.S. 386, 395-96 (1986). The primary lesson to be drawn from that decision is that "[t]he 'reasonableness' of a particular use of force must be judged from the

2

perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 396. The arguments that the Officers could and should have acted differently, such as that they should have blocked traffic, did not mean that the Officers were not permitted to act based on the risks they perceived, including risks posed by traffic on a busy street, when Mr. Haleck was walking in and refused to leave that street. Nor was the jury required to disregard the conditions confronting the Officers in deciding whether the force they employed to try to bring Mr. Haleck under control was excessive. Even if the dangers posed by traffic were disregarded, there was evidence that Mr. Haleck physically charged one officer and took a fighting stance toward another. Similarly, though the Estate emphasizes that the techniques used by the Officers—the use of pepper spray and a Taser—are characterized as "intermediate" force, the Officers did not use "deadly" force, such as firearms. Further, the Officers only employed pepper spray after verbal warnings were ineffective in controlling Mr. Haleck and only employed the Taser when he did not respond to the pepper spray. The jury was entitled to weigh all of those facts. Substantial evidence supported the jury's determination that the Officers did not use excessive force. The District Court did not err in declining to enter judgment for the Estate as a matter of law.

2. We review denials of a motion for a new trial for abuse of discretion. *Graves v. City of Coeur D'Alene*, 339 F.3d 828, 839 (9th Cir. 2003), *abrogated on other grounds by OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, 897 F.3d 1008, 1016 (9th Cir. 2018). The Estate has taken a shotgun approach in contesting several of the District Court's rulings. However, to the extent that any of the rulings were actually erroneous, the Estate does not establish that they were prejudicial. *See, e.g., McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1032 (9th Cir. 2003) ("To reverse on the basis of an evidentiary ruling, this Court must conclude both that the district court abused its discretion and that the error was prejudicial."); *Dang v. Cross*, 422 F.3d 800, 805 (9th Cir. 2005) ("'In evaluating jury instructions, prejudicial error results when, looking to the instructions as a whole, the substance of the applicable law was [not] fairly and correctly covered.'" (alteration in original) (citation omitted)). Many of the disputed rulings concerned evidence that related to the cause of Mr. Haleck's death, for example, but that was a factual issue that the jury never reached, after it concluded that the Officers had not used excessive force. Viewed individually or collectively, they do not establish that the denial of the motion for a new trial was an abuse of discretion.

3. We review summary judgments de novo. *Ward v. Ryan*, 623 F.3d 807, 810 (9th Cir. 2010). The Estate argues that the District Court erred in granting

summary judgment in favor of the Officers on its Fourteenth Amendment claim. The District Court did not err when it applied the "purpose to harm" standard, applicable to escalating situations where officers are required to make quick decisions, instead of the "deliberate indifference" standard, used for situations where deliberation is practical. *Compare Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008) (purpose to harm), *with Gantt v. City of Los Angeles*, 717 F.3d 702, 707 (9th Cir. 2013) (deliberate indifference). As we explained in *Porter*, "when an officer encounters fast paced circumstances presenting competing public safety obligations, the purpose to harm standard must apply." 546 F.3d at 1139. The situation presented here resembled the situation presented in *Porter*. In this case, the Officers arrived on the scene and tried to act quickly to move Mr. Haleck off the street for his safety and the safety of others. He was in custody within five minutes. *Porter* similarly considered a five-minute altercation between police and an unarmed, disoriented individual. The "purpose to harm" standard was properly applied here. As there was no evidence that the Officers intended to "harm, terrorize, or kill" the deceased, summary judgment was proper. *Id.* at 1141.

4. Based on the jury's verdict's finding that the Officers did not use excessive force, the Estate's *Monell* claims for "failure to train" and "failure to discipline" also fail. *See Gregory v. Cnty. of Maui*, 523 F.3d 1103, 1109 (9th Cir.

5

2008) (holding that the claims against the county, including based on a failure to train, necessarily failed based on the conclusion that the officers did not use excessive force).

5. The Estate did not plead facts sufficient to overcome the Officers' state law qualified immunity defense, which protects officers from tort liability unless there is a showing of malice. *Towse v. State*, 647 P.2d 696, 702 (Haw. 1982). With no evidence of malice, the Estate based its claim on the allegation of unreasonable use of force under the Fourth Amendment. Since that claim failed, so too does this claim.

6. Awards of costs are reviewed for abuse of discretion. *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016). The Estate did not provide sufficient evidence of financial hardship to rebut the presumption that costs are to be taxed in favor of the prevailing party. There are remaining life insurance proceeds being held to cover litigation expenses. The District Court did not abuse its discretion.

**AFFIRMED.**